DOCKETED
FILED MAR 1 7 2004
MAR 1 6 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| VANESTA MOUTRY,<br><br>    Plaintiff,<br><br>v.<br><br>KLUEVER & PLATT, LLC,<br><br>    Defendant. | No. 04 C 0967<br><br>Judge Moran<br><br>Magistrate Judge Keys |

## NOTICE OF FILING

TO: Christopher V. Langone
   Craig R. Frisch
   Jeffrey D. Naffziger
   The Langone Law Firm
   25 E. Washington St., Suite 1805
   Chicago, IL 60602

PLEASE TAKE NOTICE that on March 16, 2004, the undersigned filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, **Answer and Affirmative Defense to Complaint,** a copy of which is attached hereto and served upon you.

            KLUEVER & PLATT, LLC

            By: /s/ Steven J. Roeder
               One of their attorneys

Steven J. Roeder
Williams Montgomery & John Ltd.
2100 Civic Opera Building
20 North Wacker Drive
Chicago, IL 60606
(312) 443-3200

DOCKETED
MAR 1 7 2004
FILED
MAR 1 6 2004 rg
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| VANESSA MOUTRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 04 C 0967 |
| v. ) | |
| ) | Judge Moran |
| KLUEVER & PLATT, LLC, ) | |
| ) | Magistrate Judge Keys |
| Defendant. ) | |

### ANSWER AND AFFIRMATIVE DEFENSE TO COMPLAINT

Defendant Kluever & Platt, LLC ("Kluever & Platt"), by and through their attorney, Steven J. Roeder, hereby answers the Complaint of plaintiff Vanessa Moutry ("Moutry") as follows:

*Parties*

1.   Plaintiff, Vanessa Moutry ("Ms. Moutry"), is a consumer residing in this district.

**ANSWER:**   Kluever & Platt admits the allegations of this paragraph.

2.   Defendant, Kluever & Platt, LLC ("Kluever & Platt), is a collection law firm doing business in this district, with offices currently located at 65 E. Wacker, Suite 1700, Chicago, IL 60601.

**ANSWER:**   Kluever & Platt admits that its practice includes representing mortgagors to recover amounts they have lent to borrowers and filing foreclosure actions to recover the same.

*Jurisdiction and Venue*

3.   Federal question jurisdiction exists pursuant to 28 U.S.C. § 1391(b) because Plaintiff's claim arises under the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692.

**ANSWER:**   Kluever & Platt admit that federal question jurisdiction exists for this claim but deny that any claim is fairly raised here under the FDCPA.

5

4. Venue is proper in this district under 28 U.S.C. § 1391(b) because the acts giving rise to this action occurred in substantial part in this district.

**ANSWER:** Kluever & Platt admits that venue properly lies in this district.

*Factual Allegations*

5. Plaintiff Moutry filed a Chapter 7 bankruptcy petition on March 20, 2003, in which she made clear her intention to reaffirm her obligations on her mortgage.

**ANSWER:** Kluever & Platt admits that plaintiff filed a Chapter 7 petition on March 20, 2003, Case No. 03-12594, and that on March 21, 2003, plaintiff filed a Statement of Intention to reaffirm the mortgage debt on her residence pursuant to 11 U.S.C. § 521(2)(A). Answering further, Kluever & Platt affirmatively states that 11 U.S.C. § 521(2)(B) required the plaintiff to perform her intention with respect to the property within 45 days from the date she filed her Statement of Intention. As a result, to enjoy the benefits of section 521(2)(B), plaintiff had to bring her loan current by May 5, 2003.

6. Despite the fact that Ms. Moutry had already made clear her intention to reaffirm her obligations under the subject mortgage in the Chapter 7 Petition, and despite the fact that Ms. Moutry had previously made clear to Fairbanks Capital Corp., that she fully intended to pay all outstanding payments owing under the mortgage once her payments could be accepted, on June 27, 2003 Defendant Kluever & Platt filed a foreclosure action on behalf of JP Morgan in the Circuit Court of Cook County, Illinois, now pending.

**ANSWER:** Kluever & Platt admits that it initiated a foreclosure action on behalf of JP Morgan Chase Bank ("Chase") in the Circuit Court of Cook County on June 27, 2003 and named the plaintiff as a defendant. Answering further, Kluever & Platt affirmatively states that on April 23, 2003, it filed a motion for relief from the automatic stay on behalf of Fairbanks Capital Corporation, the servicing agent for Chase, that this motion was noticed for presentation before the Bankruptcy Court on May 8, 2003 (three days *after* plaintiff was required under the Bankruptcy Code to have performed her Statement of Intention), that this motion was continued to May 20, 2003, that a meeting of the plaintiff's creditors was held on May 16, 2003, that the

2

Bankruptcy Trustee for the plaintiff's case filed a "No Asset Report" that confirmed his finding that there was no equity in the plaintiff's property on May 20, 2003, and that the Bankruptcy Court granted the motion to lift the automatic stay, also on May 20, 2003. As a consequence, the foreclosure action was filed more than one month *after* (1) the Bankruptcy Court lifted the automatic stay and (2) the plaintiff had failed to fulfill her obligations under 11 U.S.C. § 521(2)(B).

7. On or about November 4, 2003, Ms. Moutry called Fairbanks to ask about the status of a possible forbearance agreement. Fairbanks transferred her to its attorneys' office, Defendant Kluever & Platt.

**ANSWER:** Kluever & Platt admit that plaintiff called Fairbanks to inquire about the status of a possible forebearance agreement at approximately 12:00 noon Chicago time on November 4, 2003, shortly before a motion for default judgment was scheduled to be presented in the Circuit Court of Cook County, Illinois at 1:00 p.m. that afternoon. Answering further, Kluever & Platt affirmatively state that notice of the original motion for default had been given to the plaintiff, that the motion originally had been presented to the Circuit Court of Cook County two weeks earlier on October 21. 2003, that the plaintiff had appeared before the Circuit Court on that date, and that the plaintiff had then represented to the Court and that a forbearance agreement would be entered into by the end of the month. As a consequence of these representations, the Court continued the motion to November 4, 2003.

8. An attorney at Kluever & Platt placed Ms. Moutry on hold and called Fairbanks. The attorney came back to the phone and stated that Fairbanks was sending the proposed forbearance agreement.

**ANSWER:** Kluever & Platt denies that an attorney in that firm placed the plaintiff on hold when she called on November 4, 2003, but admits that a paralegal at the firm told the plaintiff that Kluever & Platt had been informed by Fairbanks Capital that a forbearance agreement was

3

being sent to Kluever & Platt to prepare. Answering further, on information and belief, the plaintiff was also advised prior to this call by Fairbanks Capital that it would be a few days before a forbearance agreement was in place. As a result, plaintiff knew that no forbearance agreement could be signed by the time the matter would be called by the Court on November 4, 2003. Kluever & Platt further affirmatively state that its paralegal advised the plaintiff that because no forbearance agreement was signed, the firm was proceeding to judgment that day on its previously noticed motion for default judgment. It also advised the plaintiff that once the forbearance agreement was duly signed and was in place, any judgment the Court might enter would be placed on hold.

9. Ms. Moutry stated, "Since you're getting the agreement is it necessary for me to go to court? Can you fax me a copy of the agreement so I can present it to the judge?," or words to that effect.

**ANSWER:** Kluever & Platt denies the allegations of this paragraph as stated, but admits that plaintiff asked if it were necessary for her to attend court.

10. The attorney at Kluever & Platt replied, "I can't send you anything because I represent Fairbanks. The outcome will be the same, we will foreclose on the home. Whether you go to court or not, the outcome will be the same so it doesn't matter if you go," or words to that effect.

**ANSWER:** Kluever & Platt denies the allegations of this paragraph as stated. Answering further, Kluever & Platt affirmatively states that its paralegal told the plaintiff that because the firm did not represent the plaintiff, it could not give her advice, that the firm intended to go forward with the motion for default judgment that day, and that if a forbearance agreement were entered into and judgment were entered, the case would be put on hold.

11. The foregoing statements were misrepresentations of fact and law. In the Circuit Court of Cook County, Illinois, default judgments are routinely entered against *pro se* defendants who fail to appear in court at status hearings.

4

**ANSWER:** Kluever & Platt denies the allegations of the first sentence of this paragraph. While Kluever & Platt admits that the Circuit Court of Cook County enters default judgments against *pro se* defendants, it lacks sufficient knowledge to admit or deny whether such judgments are routinely entered for failures to appear at status hearings. Answering further, Kluever & Platt affirmatively states that the November 4, 2003 hearing was not simply a status hearing, but was the date that a motion for default judgment had been continued at the plaintiff's specific instance and request.

12. In reliance on the foregoing statements, Ms. Moutry did not appear in court for the scheduled status call and as a result a default judgment of foreclosure and notice of sale was entered on November 4, 2003.

**ANSWER:** Kluever & Platt admits that plaintiff failed to appear in Court for the continued motion for default judgment but denies that she did not appear in reliance on any statement of Kluever & Platt. Kluever & Platt admits that a default judgment of foreclosure and notice of sale was entered on November 4, 2003.

13. As a result of Kluever & Platt's intentional misrepresentations, Ms. Moutry was forced to retain the undersigned attorneys to file a Motion to Vacate the Judgment of Foreclosure and otherwise represent her in the state court foreclosure action.

**ANSWER:** Kluever & Platt denies the allegations of this paragraph. Answering further, Kluever & Platt affirmatively states that if the plaintiff had performed her statement of intention by signing and returning the forbearance agreement with the agreed upon payment, the matter would have been put on hold.

14. The judgment of foreclosure was vacated on December 8, 2003.

**ANSWER:** Kluever & Platt admits that the default judgment entered on November 4, 2003 was vacated on December 8, 2003.

## COUNT I
*Violation of the Fair Debt Collection Practices Act Against Defendant*

15. Plaintiff realleges and incorporates by reference paragraphs 1-14 into this count.

**ANSWER:** Kluever & Platt realleges and incorporates its answers to paragraphs 1-14 as its answer to the allegations of this paragraph.

16. Section 1692e of the FDCPA states in relevant part:

> *"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."*

**ANSWER:** Kluever & Platt admits the allegations of this paragraph.

17. Defendant made a false and deceptive representation when it made the foregoing misrepresentations of fact and law, all in the course of attempting to collect a debt allegedly owed by Ms. Moutry. Defendant intentionally moved for a default judgment against Ms. Moutry, placing the ownership of her home, and substantial equity owned therein, in jeopardy. In doing so, Defendants violated § 1692e of FDCPA.

**ANSWER:** Kluever & Platt denies the allegations of the first and third sentences of this paragraph. Kluever & Platt admits that it intentionally moved for default judgment against the plaintiff in the Circuit Court of Cook County, *inter alia*, because the plaintiff had not answered or otherwise pleaded to the complaint that had been filed against her and because the plaintiff was in default under her loan agreements for the same. Kluever & Platt further denies that moving for default judgment placed the substantial equity that plaintiff had in her home in jeopardy.

## COUNT II
*Violation of Illinois Consumer Fraud and Deceptive Business Practices*

18. Plaintiff realleges and incorporates by reference paragraphs 1-14 into this count.

**ANSWER:** Kluever & Platt realleges and incorporates its answers to paragraphs 1-14 as its answer to the allegations of this paragraph.

19. 815 ILCS 505/2 states in relevant part,

6

> *unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or concealment, suppression or omission of any material fact, with intent that other rely upon the concealment suppression or omission of such material,....in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived, or damages thereby...*

**ANSWER:** Kluever & Platt admits that the statute contains this language.

20. Moreover, the Illinois Supreme Court has recently reaffirmed that the CFA prohibits both unfair and deceptive acts and practices.

**ANSWER:** Kluever & Platt neither admits nor denies the allegations of this paragraph, since it fails to allege the decision it apparently references.

21. In the course of its efforts to foreclose Plaintiff's home, Defendant committed deceptive and/or unfair acts in violation of the CFA.

**ANSWER:** Kluever & Platt denies the allegations of this paragraph.

22. In attempting to foreclose on Plaintiff's home, Defendant committed a deceptive act by falsely representing to Plaintiff that it did not matter if she appeared at the status.

**ANSWER:** Kluever & Platt denies the allegations of this paragraph.

23. Defendant further violated the Act by moving for a default judgment of foreclosure and notice of sale against Plaintiff due to the fact she did not appear in Court.

**ANSWER:** Kluever & Platt denies the allegations of this paragraph.

24. Defendants' conduct caused public injury and had public injury impact, including likelihood of repetition.

**ANSWER:** Kluever & Platt denies the allegations of this paragraph.

### COUNT III
### *Abuse of Process*

25. Plaintiff realleges and incorporates by reference paragraphs 1-14 into this count.

**ANSWER:** Kluever & Platt realleges and incorporates its answers to paragraphs 1-14 as its answer to the allegations of this paragraph.

26. On information and belief, Defendant had an ulterior purpose or motive when it made the foregoing representations made to Plaintiff on November 4, 2003.

**ANSWER:** Kluever & Platt denies the allegations of this paragraph.

27. Defendant knew Plaintiff needed to appear at the status or a motion for default could be entered.

**ANSWER:** Kluever & Platt admits that it knew that the Circuit Court of Cook County could have entered a judgment of default on its motion for default judgment. Answering further, Kluever & Platt affirmatively states that it so advised the plaintiff on November 4, 2003.

28. Defendant also knew that if Plaintiff appeared at the status no such default judgment would be entered.

**ANSWER:** Kluever & Platt denies the allegations of this paragraph.

29. Defendant led Plaintiff into believing appearing at the status was useless because she was going to lose her home regardless.

**ANSWER:** Kluever & Platt denies the allegations of this paragraph.

30. Plaintiff was damaged as a proximate cause of Defendant's abuse of process.

**ANSWER:** Kluever & Platt denies the allegations of this paragraph.

WHEREFORE, defendant Kluever & Platt, LLC respectfully requests that this Court enter judgment on its behalf and against plaintiff Vanessa Moutry, that this Court find that plaintiff's claims are brought in bad faith and for harassment, and that this Court award Kluever & Platt its attorneys' fees and costs.

## AFFIRMATIVE DEFENSE

Plaintiff may not collect and recover under the FDPCA, even if this Court were to find a violation of the Act, because any such violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

KLUEVER & PLATT, LLC

By: _____
One of their attorneys

Steven J. Roeder
Sean G. Joyce
Williams Montgomery & John Ltd.
2100 Civic Opera Building
20 North Wacker Drive
Chicago, IL 60606
(312) 443-3200

Doc ID - 650038

STATE OF ILLINOIS    )
                     ) SS
COUNTY OF C O O K    )

### AFFIDAVIT OF SERVICE

I, Denise E. Mathauser, being first duly sworn on oath, state that I caused a copy of the foregoing Notice and **Answer and Affirmative Defense to Complaint**, to be served upon the person(s) to whom the Notice is addressed via U.S. Mail this 16th day of March, 2004.

_____
Denise E. Mathauser

Subscribed and Sworn to
before me this 16th day
of March, 2004.

_____
Notary Public

OFFICIAL SEAL
SANDRA M. PAINTER
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 2-26-2005

Doc ID - 650364

2